IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CAREY MILLS, <br><br> Defendant. | Case No. 22-cr-00034-DKW-1 <br> Case No. 24-cv-00558-DKW-KJM[1] <br><br> **ORDER GRANTING IN PART THE UNITED STATES OF AMERICA'S MOTION FOR AN ORDER FINDING A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE** |

On January 6, 2025, Defendant Carey Mills (Mills) filed a counseled motion to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Section 2255 Motion). Dkt. No. 49.[2] In the Section 2255 Motion, Mills asserts claims of ineffective assistance of counsel against his "former" lawyer, who is identified as Neal J. Kugiya (Kugiya). *Id*. at 4.[3] Specifically, Mills argues, among other things, that Kugiya (1) created a "damaging impression" at sentencing regarding attempts to delay the sentencing hearing and Mills'

---

[1]The Court cites to the docket numbers in Case No. 22-cr-34-DKW-1.
[2]Mills also filed a motion to vacate his sentence on December 20, 2024. Dkt. No. 48. That motion, however, was filed by an attorney not admitted to practice in this case and signed by an attorney other than the filer. The Court, therefore, cites the January 6, 2025 Section 2255 Motion, which was filed by local counsel.
[3]In citing the Section 2255 Motion, the Court cites the page numbers assigned by CM/ECF in the top right corner of the document, *i.e.*, "Page 4 of 12."

medical conditions, and (2) provided "insufficient communication," resulting in Mills' acceptance of a guilty plea. *Id*.

After the setting of briefing on the Section 2255 Motion, Dkt. No. 50, the government moved for an order finding a waiver of the attorney-client privilege, Dkt. No. 51. Specifically, the government sought waiver of "all" communications between Mills and Kugiya. For the reasons set forth below, the Court GRANTS IN PART the government's request for waiver of the attorney-client privilege.

In *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003), *cert. denied*, 540 U.S. 1013 (2003), the Ninth Circuit held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer." The waiver imposed, however, should be "no broader than needed" and tailored "to the needs of the opposing party in litigating the claim in question." *Id*. at 720.

Here, the Section 2255 Motion clearly raises claims of ineffective assistance of counsel, resulting in the waiver of the attorney-client privilege between Mills and Kugiya. However, those claims are limited to Kugiya's representation (1) in the run-up to and during sentencing – in particular, concerning scheduling – and (2) related to Mills' acceptance of a guilty plea. Therefore, in order to investigate and respond to those claims, the government may <u>only</u> inquire into

communications between Mills and Kugiya reasonably related to (1) attempts to delay sentencing and Kugiya's alleged statements at sentencing concerning Mills' medical conditions, and (2) Mills' acceptance of a guilty plea.   Attorney Kugiya is expressly authorized to provide information to the government on the above matters.   To that extent only, the instant motion, Dkt. No. 51, is GRANTED.

    IT IS SO ORDERED.

    DATED: January 8, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

UNITED STATES v. CAREY MILLS
CR. NO. 22-00034-DKW-1
CV. NO. 24-00558-DKW-KJM
"Order Granting in Part the United States of America's Motion for an Order Finding A Waiver of the Attorney-Client Privilege."